**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSÉ L. CANALES-CANCEL,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civ. No. 23-1269 (ADC)

## MEMORANDUM AND ORDER

### I.    Procedural Background

Before the Court is *pro se* plaintiff José L. Canales-Cancel's ("plaintiff") second amended complaint. **ECF No. 12**. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915. **ECF No. 7**. The named defendants are the United States of America, the Kingdom of Spain, the Holy See, and the United Kingdom of Great Britain and Northern Ireland. The Court's jurisdiction is premised on the defendants being the United States and foreign states. *See* **ECF No. 12** at 1-2; see also 28 U.S.C. §§ 1330, 1346. Plaintiff seeks a monetary judgment in his favor in the amount of $530 million. **ECF No. 12** at 10.

Plaintiff filed his original complaint on May 24, 2023. **ECF No. 3**. Because the complaint fell short of Fed. R. Civ. P. 8(a)'s requirements, the Court ordered plaintiff to file an amended complaint. **ECF No. 7** ("Plaintiff has filed a largely unintelligible complaint . . . . The Court . . . harbors serious doubts as to its viability and the Court's jurisdiction. Plaintiff is therefore ORDERED to file an amended complaint in compliance with Fed. R. Civ. P. 8(a) . . . ."). The

Court also denied plaintiff's motion for appointment of *pro bono* counsel pending the filing of the amended complaint, noting for plaintiff's benefit that there is generally no constitutional or statutory right to counsel in civil cases. **ECF No. 8.**

Plaintiff filed a first amended complaint on April 8, 2024, and reasserted his request for appointment of counsel. *See* **ECF Nos. 9, 10**. As to the latter, the Court denied the request because:

> In general, there is no constitutional or statutory right to counsel in civil cases. *See MacDonald v. Cumberland Cnty. Sheriff*, No. 23-1028, 2023 WL 7457738, at *1 (1st Cir. Aug. 15, 2023) (citing *King v. Greenblatt*, 149 F.3d 9, 14 (1st Cir. 1998)). Plaintiff's claims do not merit making an exception to this rule in this case, and plaintiff's prior history with Court-appointed counsel in previous cases, as detailed in his amended complaint, persuade the Court that an appointment here would be inappropriate. Plaintiff shall either proceed *pro se* or retain legal counsel, the latter of which is highly preferable.

**ECF No. 11**. On April 3, 2025, plaintiff filed a second amended complaint, which is the operative pleading on record. **ECF No. 12**.

## II.    Discussion

### A.    Plaintiff's Second Amended Complaint must be dismissed under Section 1915.

Pursuant to Section 1915 of Title 18 of the U.S. Code, the Court must dismiss an *in forma pauperis* plaintiff's case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). It is the Court's

view that the second amended complaint must be dismissed for failing to state a claim and for

seeking monetary relief against immune defendants.

### 1.     Failure to state a claim upon which relief may be granted.

From what the Court can gather,[1] plaintiff's claims seem to originate (narratively, at least)

in the killing of his grandfather sometime in the 1950s by a member of a labor union and relates

to ensuing judicial processes brought by or against his family and their property. *See* **ECF No.**

**12** at 4-5, 8. Plaintiff's clearest explanation of his claim is as follows:

> The lawsuit pending correct calculation of all kinds of damages, torture, inhuman
> and degrading treatment and punishments was a prejudiced process totally
> controlled by local Rama Judicial lawyers, inside that Asociación de Empleados
> del ELA organization, because lawyers robbed our Family of land, properties and
> money since my Grandfather was killed. AS I began to look for information, Royal
> Families abroad with their lawyers behind them [were] already performing
> enormous gaslighting that was also implemented by local lawyers, and still are
> carrying those procedures.

*Id.*, at 4. Plaintiff further claims that "since birth," plaintiff (who was born in 1972, *see id.*, at 4)

claims to have been "tortured" by court-appointed lawyers, the royal families of Spain and Great

Britain, and the Pope. *Id.*, at 7. At least part of the basis for this claim is a fanciful recitation of

coincidences in birth dates, last names, and historical occurrences:

> "After 2012 I began to research, and became aware that the Family was always
> under intensive surveillance because my Mother's date of birth is July 1, 1935, The
> 14th Dalai Lama's birthdate is July 6, 1935, Pope Francis date of birth is December
> 17, 1936, my Father's date of birth is December 17, 1973, Y.M. King Juan Carlos I
> of Spain birth date is January 5, 1938. . . . I was born May 3, 1972. In 1972 also was

---

[1] The Court construes plaintiff's allegations liberally given his *pro se* status. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

already in course The Tutankhamun Exhibition at the British Museum in March 22, 1972."

*Id.*, at 4. Further, from what the Court can tell, the complained-of acts of "torture" stem from plaintiff's initiation and participation in the filing of claims, complaints, or other processes in courts and international human rights forums. For example, plaintiff alleges that he has made numerous complaints in the United Nations' human rights system and has written numerous letters to United States officials and to officials in Spain and the Vatican. *See id.*, at 6. Plaintiff seems to equate not having prospered or obtained relief in these efforts as actionable harms:

> Officials in the system cannot continue victimizing me and my sons and carry out all kinds of torture procedures and other cruel, inhuman, and degrading treatment with me due to territorial disputes since 1898, the symbolic things that I have related to the Spanish Royal Family, several Royal Families in the world, Tibetan Buddhism and the Papacy in Rome, and the assassination of my Grandfather.

*Id.*, at 7.

In addition, plaintiff makes similarly disjointed allegations against his previous court-appointed lawyers. For example, plaintiff seems to infer some nefarious connection between one such attorney's second last name, "*Sastre*," which translates to "tailor," and plaintiff's father having allegedly worked at some unspecified point in time in a union-affiliated factory that made garments that "had a name of incorporation related to distinctions or condecorations of a monarchical nature or organization," and to "a house in Arecibo of that last workplace . . . [that] had a mural that was painted with the same word, sastre." *Id.*, at 8. Plaintiff further traces random connections relating to other lawyers' names, individuals he alleges have some distant

affiliation with labor unions, people being in the same place momentarily, him hearing some lawyer's name through loudspeakers, and listening to radio programs. *Id.*, at 8-9.

From the above review, it is unclear what plaintiff's grievance against the defendants actually is or how they make out an actionable claim.

Plaintiff's citation to federal authorities is also of no help. Most of the federal statutes and regulations cited by plaintiff are either facially inapplicable or fail to provide for a private cause of action under these allegations.[2] "The Constitution charges the Executive Branch with enforcing federal law." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 367 (2025) (citing U.S. Const. Art. II, § 3). Absent a congressionally created cause of action, a person cannot seek private relief for a violation of a federal statute. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("[T]the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)).

---

[2] Among the facially inapplicable statutes cited by plaintiff are 31 U.S.C. § 6711 (anti-discrimination provision in the Local Crime Prevention Block Grant Program of 1994, a long-expired congressional block grant given to states that has no relevance to the allegations); 42 U.S.C. § 5891 (anti-sex-discrimination provision in Energy Research and Development Administration's organic act, which has no relevance to the allegations); 28 U.S.C. § 4101 (statute governing the recognition of foreign defamation judgments, which has no relevance to the allegations); and 22 C.F.R. § 95.1 (defining "torture" for purposes of implementing the Convention Against Torture in the context of extradition, which has no relevance to the allegations). Plaintiff further to the federal statute prohibiting cruel, inhuman or degrading treatment or punishment (42 U.S.C. §2000dd-0), which applies only to individuals in the custody or physical control of the United States, in which plaintiff is not alleged to be. And he cites to criminal statutes that do not provide a private right of action (18 U.S.C. §§ 242, 1513, 2340).

Plaintiff only cites two statutes that contain a private right of action. First, plaintiff cites the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, but those protections apply only to "individuals who are at least 40 years of age" and plaintiff, as far as the allegations evince, was not 40 years old on September 11, 2011—the only possibly relevant date in the second amended complaint on which he could have suffered employment discrimination. *See* 29 U.S.C. § 631(a); **ECF No. 12** at 4.[3] Second, plaintiff cites 42 U.S.C. § 1983, which does provide a private right of action for violations of federal rights against State officers acting under color of law. However, plaintiff does not address any of his claims against any specific State officer. Plaintiff's one-time reference to "Rama Judicial" employees and the alleged actions or omissions of certain court-appointed lawyers do not make out a claim for the deprivation of civil rights as understood under Section 1983.

Accordingly, the Court finds that plaintiff's second amended complaint fails to state a claim upon which relief may be granted, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.   Defendants are immune from monetary claims.

In any case, the Court is mindful that the named defendants are all sovereign entities entitled to sovereign immunity. In the first place, it is black-letter law that the United States enjoys sovereign immunity from suit unless said immunity is waived. *See*, *e.g.*, *F.D.I.C. v. Meyer*,

---

[3] This is assuming, for the sake of argument, that plaintiff could otherwise establish an ADEA claim against his alleged employer, the *Asociación de Empleados del ELA* or "AEELA." **ECF No. 12** at 4.

510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The United States has made a limited waiver of sovereign immunity from the jurisdiction of the district courts under 28 U.S.C. § 1346 for certain civil claims "not exceeding $10,000 in amount . . . ." 28 U.S.C. § 1346(a)(2). Plaintiff's $530 million claim far exceeds that amount, divesting this Court of jurisdiction as to the United States.[4]

Second, the Kingdom of Spain, the United Kingdom of Great Britain and Northern Ireland, and the Holy See are foreign states entitled to sovereign immunity from jurisdiction under the Foreign Sovereign Immunity Act of 1976, Pub. L. 94-583. *See* 28 U.S.C. §§ 1603-04. None of the recognized exceptions to immunity are applicable. 28 U.S.C. §§ 1605-07.

Accordingly, the Court must dismiss plaintiff's claims because it is apparent that the defendants are all immune from monetary claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

III.   **Conclusion**

For the reasons set out above, plaintiff's second amended complaint at **ECF No. 12** is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Clerk of Court shall enter Judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of April, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[4] Moreover, plaintiff's allegations are not likely to fall under the implied cause of action recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).